[No. 2079. Decided February 7, 1896.]

THE STATE OF WASHINGTON *on the Relation of* ALASKA PACKERS' ASSOCIATION *et al.,* v. JAMES CRAWFORD, *Fish Commissioner.*

FISHERIES — LICENSE TO FISH — GULF OF GEORGIA INCLUDED IN PUGET SOUND.

That portion of the Gulf of Georgia lying within the State of Washington is included within the waters of Puget Sound, within the meaning and application of the act of February 10, 1893, regulating certain fixed appliances for catching salmon on the waters of the Columbia river and its tributaries, and Puget Sound, and providing for the licensing thereof.

*Original Application for Mandamus.*

*Dorr, Hadley & Hadley,* for relators.

*W. C. Jones,* Attorney General, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respective relators herein applied to the respondent, who is the duly qualified and acting fish commissioner for this state, for licenses to catch salmon in the Gulf of Georgia, near Point Roberts, in Whatcom county, Washington, pursuant to an act of the legislature entitled, "An act regulating fish traps, pound nets, weirs, set nets, fish wheels, or other fixed appliances for catching salmon on the waters of the Columbia river and its tributaries, and Puget Sound; for providing for the licensing thereof, and the disposition of the funds arising therefrom, and declaring an emergency," approved February 10, 1893.

The commissioner, notwithstanding the fact that the legal license fees were tendered to him, declined to issue the licenses applied for, or any of them, whereupon an alternative writ of mandamus was issued out of this court commanding him to issue said licenses or to show cause before this court, at a time therein designated, why he had not done so.

The respondent filed an answer to the writ and the petition of the relators, in which he alleges that the superior court of Whatcom county, in an action therein pending, has heretofore held and decided that the locality described in the petition was not, and is not, included within the waters specified in said act of February 10, 1893, as Puget Sound, and that he is advised that the waters of the Gulf of Georgia are not included within said act, and that he has no authority to issue licenses to the persons specified in the petition for the maintenance of permanent appliances for fishing therein.

To this answer the relators have interposed a general demurrer, and, therefore, the only question to be

determined is whether the license act of February 10, 1893 (Laws, 1893, p. 15), applies to that portion of the Gulf of Georgia lying within the territorial limits of this state. That act empowers the fish commissioner to issue licenses to residents and citizens of this state to construct and operate certain designated appliances for catching salmon in the waters of the Columbia river and its tributaries, and Puget Sound, in the State of Washington, and it is conceded that if the particular waters in question are not a portion of Puget Sound, within the contemplation of that act, the action of the commissioner in refusing the licenses applied for was right.

In the act of February 11, 1890 (Laws, 1889–90, p. 106), relating to the protection of fish, the legislature defined Puget Sound as being "all that portion of the tide waters emptying into the Straits of Fuca, and the bays, inlets, streams and estuaries thereof," and it is contended on behalf of the relators that it is shown by that act, and by the act of March 3, 1891 (Laws, 1891, p. 134), and the act of March 6, 1891 (Laws, 1891, p. 171), as well as by prior acts, that it was the intention of the legislature to provide a uniform license system for fixed appliances for catching salmon in the waters of this state, and the waters over which this state has concurrent jurisdiction, by which residents of the state may have protection from unreasonable interference, and the state may have the means of protecting and regulating its fisheries and of providing a fund for the maintaining of hatcheries.

We think there is much force in this contention. It cannot be inferred from any expression found in this license act that the legislature intended to exclude from its provisions a considerable body of tide water which is included in the acts concerning the protec-

tion of fish.  And, as Puget Sound as designated and defined in the act of February 11, 1890, and the prior act of November 9, 1877 (Code 1881, § 1174), may reasonably be said to include the waters in question, we are of the opinion that the fish commissioner is fully authorized by law to grant licenses to proper persons to catch salmon therein.

A peremptory writ of mandamus will therefore be issued commanding the respondent, as fish commissioner of the State of Washington, to issue to the relators, provided they are residents and citizens of this state, the licenses applied for, on payment of the legal fees therefor.

HOYT, C. J., and DUNBAR, J., concur.